IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Case No. 1:24-cv-01806-SKC-NRN

SAMUEL CUNNINGHAM,

    Plaintiff,

v.

TRAVELERS HOME AND MARINE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S PARTIAL MOTION
FOR SUMMARY JUDGMENT (DKT. 71)**

---

    The above-referenced Motion is now before the Court. Defendant Travelers Home and Marine Insurance Company seeks partial summary judgment on Plaintiff Samuel Cunnigham's claims for violations of Colo. Rev. Stat. §§ 10-3-1115, 1116, common law bad faith breach of an insurance contract, and exemplary damages.[1] Dkt. 71. Plaintiff contends there are disputed issues of material fact precluding summary judgment in Travelers' favor. Dkt. 76.

    The Court has reviewed the Motion, Response, Reply (Dkt. 81), the statement of material facts in support of the Motion (Dkt. 82), the evidence, and the entire case

---

[1] Travelers does not seek judgment on Plaintiff's claim for breach of contract.

1

file. No hearing is necessary. Because genuine issues of material fact govern the central disputes between the parties, the Motion is denied.

Summary judgment is warranted when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). Conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## ANALYSIS

To prevail on claims for violations of Colo. Rev. Stat. §§ 10-3-1115, -1116, and bad faith breach of an insurance contract, Plaintiff must prove that Travelers delayed or denied benefits without a reasonable basis. *Anderson v. Am. Nat'l Prop. & Cas. Co.*, No. 17-cv-03016-KMT, 2020 WL 406077, at *6 (D. Colo. Jan. 23, 2020); *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848 (Colo. 2018); Colo. Rev. Stat. § 10-3-1115(2). Under Colorado law, reasonableness is usually an issue for the jury; however, "in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011) (citing *Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008)); *cf. Cont'l Cas. Co. v. Hempel*, 4 F. App'x 703, 719 (10th Cir. 2001) ("[C]ourts have found . . . unreasonableness as a matter of law when

the evidence in the record indicated that a factfinder could reach no other conclusion.").

"In determining whether an insurer acted reasonably . . . courts must consider, among other things, whether a reasonable person would find that the insurer's justification for delaying or denying payment was 'fairly debatable.'" *Fear v. GEICO Cas. Co.*, 560 P.3d 974, 981 (Colo. 2024) (citing *Schultz*, 429 P.3d at 848). While "fair debatability is not a threshold inquiry that is outcome determinative as a matter of law," a finding that a claim was "fairly debatable" "weighs against a finding that the insurer acted unreasonably." *Sanderson v. Am. Family Mut. Ins. Co*, 251 P.3d 1213, 1217, 1218 (Colo. App. 2010).

In its Motion and supporting materials, Travelers discusses a plethora of evidence that would indeed support a finding that its conduct was reasonable under the circumstances. Dkt. 71, pp.5-15. But contrary to Travelers' assertion, Plaintiff has offered evidence to the contrary, particularly in the form of Mr. Nelson Waneka's expert testimony. Dkts. 76-6, 76-7. While the mere existence of an expert report does not alone create an issue of material fact, *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 500 (Colo. App. 2011), "expert testimony regarding insurance industry standards is routinely admitted in Colorado insurance bad faith cases." *O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 926 n.4 (D. Colo. 2017).

In this case, Mr. Waneka's report thoroughly discusses the evidentiary record in this matter and concludes based thereon that Travelers' conduct fell below

insurance industry standards and that Travelers knew or recklessly disregarded the validity of Plaintiff's claims. Dkt. 76-6. Mr. Waneka particularly highlights various of Karen White's—the adjuster assigned to Plaintiff's claim—decisions and actions that were contrary to industry standards.[2] *Id.*

For example, in her claim notes, Ms. White wrote that Travelers would need to procure experts to "rebut" Plaintiff's experts. Dkt. 82, ¶35 (Plaintiff's Additional Facts). And during her deposition, she acknowledged that retaining experts specifically to rebut an insured's claim would be improper under industry standards. *Id.* at ¶36. Travelers dismisses this fact as trivial because Ms. White also stated she did not in fact retain experts specifically to rebut Plaintiff's evidence. *Id.* at ¶35. But these conflicting statements (in her claim notes and her testimony), in and of themselves, raise genuine questions regarding whether her conduct aligned with industry standards. And such questions can only be resolved with a determination regarding her credibility.

In addition, Plaintiff has cited evidence that:

1. Ms. White rejected Plaintiff's demand and made compromise offers even though she had outstanding questions regarding

---

[2] Although the Court recently changed its practice standards to allow 702 challenges as late as the Final Pretrial Conference, these changes are inapplicable to this case. At the time the schedule in this case was determined, 702 motions were due 30 days after the rebuttal expert witness designation deadline. Travelers did not file any 702 challenges regarding Mr. Waneka's proffered opinions; thus, objections to his testimony or opinions on 702 grounds are waived.

4

>    Plaintiff's claim and had not yet completed an investigation. (Dkt. 82, ¶¶25, 26.)[3]

2. Ms. White spent only an hour and fifteen minutes reviewing Plaintiff's evidence—nearly 600 pages of documents—before concluding that her valuation would not change. (*Id.* at ¶¶27, 28.)

3. Ms. White relied heavily on a nurse reviewer's broad opinions in reaching her conclusions despite the fact this nurse (1) was not a qualified expert; and (2) was Travelers' employee, and therefore, not impartial. (*Id.* at ¶¶6-11.)

This evidence is relevant to both Plaintiff's claims for bad faith and to his request for exemplary damages.[4] Thus, even without Mr. Waneka's report, Ms. White's credibility is central to determining whether Travelers' conduct was consistent with industry standards. But "[t]he weighing of evidence, the reconciliation of inconsistent testimony, and the assessment of a witness' credibility is solely within the province of the jury." *Cruz v. City of Deming*, 138 F.4th 1257, 1266 (10th Cir. 2025).

And just as Travelers has cited evidence to support its valuation of Plaintiff's claim, there is abundant evidence in the record to support Plaintiff's alleged injuries

---

[3] These record citations are examples and not meant to be exhaustive of the evidence creating disputed issues of material fact. In citing this evidence, the Court makes no comment on the relevance or admissibility of any evidence the parties' may use to support their claims and defenses.

[4] Indeed, Magistrate Judge N. Reid Neureiter convened a hearing regarding Plaintiff's request to add exemplary damages. The Court has reviewed all the evidence attached to Plaintiff's request and agrees with Judge Neureiter that this evidence supports a triable issue. Whether Plaintiff's evidence sufficiently proves his claim is not for this Court to decide. The parties will present their competing evidence at trial and submit the question to a jury.

5

and damages. The Court must construe this evidence and any reasonable inferences that can be made from it in the light most favorable to Plaintiff. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). Consequently, it is for a jury to decide whether Travelers' valuation of Plaintiff's under insured motorist claim was reasonable and whether Travelers recklessly disregarded the risks to Plaintiff's interests.

* * *

For the reasons shared above, the Motion for Summary Judgment is respectfully DENIED.

IT IS FURTHER ORDERED a Final Pretrial Conference is set for March 25, 2026, at 10:00 a.m. in Courtroom A601 before U.S. District Judge S. Kato Crews. No later than March 18, 2026, the parties shall file the proposed final pretrial order. A WORD version of the proposed final pretrial order should also be emailed to crews_chambers@cod.uscourts.gov. The Parties shall refer to this Court's Standing Order for Civil Cases when preparing the proposed final pretrial order. The Parties should also be prepared to set a trial date within one to two months from the date of this conference. Lead counsel who will try the case must be in attendance.

DATED: February 9, 2026.

BY THE COURT:

_____

S. Kato Crews
United Stated District Judge